IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                                No.  07-40090-01-SAC

RICHARD ODEL NEELEY, JR.,

          Defendant.

MEMORANDUM AND ORDER

       The case comes before the court on the defendant's motion for reinstatement of bond (Dk. 32), as amended (Dk. 35), and the government's response opposing the motion (Dk. 34).  On January 22, 2008, the defendant pleaded guilty to count one of the indictment that charged him with possession with intent to distribute approximately 340 dosage units of ecstacy in violation of 21 U.S.C. § 841(a)(1).  (Dk. 29). Because the defendant pleaded guilty to an offense meeting the description in 18 U.S.C. § 3142(f)(1)(C) and because the exceptions in § 3143(a)(2) were inapplicable to him, the court ordered the defendant's detention pending sentencing.  In his recent motion to reinstate bond, the defendant concedes the exceptions in § 3143 would not authorize his release but argues for the court to consider release under the alternative

provision of 18 U.S.C. § 3145(c).

For release under § 3145(c), a defendant must meet first the requirements of § 3143(a)(1), clear and convincing evidence that he "is not likely to flee or pose a danger to the safety of any other person or the community if released," and then "clearly show[ ] that there are exceptional reasons why . . . [his] detention would not be appropriate," 18 U.S.C. § 3145(c). *See United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997). In determining what may constitute an exceptional reason for release, "a case by case evaluation is essential." *United States v. Schuermann*, 978 F.2d 1268, 1992 WL 322156, *1 (10th Cir. Nov. 5, 1992) (Table) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). To be exceptional, the circumstances cannot be common or ordinary, such as family or gainful employment. *United States v. Green*, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003). An example of a factor that may be exceptional is when detention would unjustly extend a defendant's incarceration because the defendant's minimal culpability indicates a short sentence. *Id.* at 1150; *see United States v. Banta*, 165 F.R.D. 102, 104 (D. Utah 1996) ("possibility defendant may serve the imposed sentence of confinement before resolution of his appeal provides an 'exceptional

reason' for release under 18 U.S.C. § 3145(c).").

The defendant has not clearly shown that the circumstances of his case meet the significant threshold of exceptional.[1]  The defendant originally argued that the sentencing guideline range for his offense of conviction would be zero to six months (Dk. 32), but he subsequently amended his estimate to a guideline range of 30 to 37 months (Dk. 35). The government responds that any such sentencing estimates are not binding upon the court.  The defendant's amended guideline range estimate is more consistent with the factual basis of the defendant's plea (340 dosage units of ecstacy and a handgun in proximity to the controlled substance) as applied to the guideline provisions at U.S.S.G. § 2D1.1.  As part of the plea agreement, the parties said they would request a sentence within the guideline range appropriately determined by the probation office. Thus, a sentence within this estimated guideline range would be plainly longer than the likely period of the defendant's detention pending

---

[1] When the defendant entered his plea, he was being detained pending a revocation hearing (Dk. 28) based on a petition that alleged (Dk. 26) the defendant had violated his pretrial release by not reporting to his supervising officer, by not submitting to drug testing, by not participating in drug treatment, and by submitting a positive drug screen in December of 2007.  Even if the defendant could offer an exceptional reason, he would still be detained pending his revocation hearing.

sentencing. The defendant does not suggest any other circumstances or factors that would justify a sentence substantially shorter than the estimated guideline range. The defendant's motion fails to articulate and demonstrate an exceptional reason for release under 18 U.S.C. § 3145(c).

IT IS THEREFORE ORDERED that the defendant's motion for reinstatement of bond (Dk. 32), as amended (Dk. 35), is denied without prejudice to its renewal upon the proffer of an exceptional reason.

Dated this 1st day of February, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge