IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                        Plaintiff,

Vs.                                                 No.  07-40090-01-SAC

RICHARD ODEL NEELEY, JR.,

                        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's unresolved objections to the presentence report ("PSR").  The defendant pleaded guilty to possession with intent to distribute approximately 340 dosage units of ecstasy in violation of 21 U.S.C. § 841(a)(1).  The PSR recommends a base offense level of 20 for the 340 dosage units of ecstacy, a two-level enhancement for possessing a firearm, and a three-level reduction for acceptance of responsibility.  The applicable guideline range for a total offense level of 19 and a criminal history category of two is 33 to 41 months.  As summarized in the addendum to the PSR, the defendant has four unresolved objections and one objection that is moot.  While this order will serve as the court's ruling on the unresolved

objections, the court reserves the right to revisit its rulings in the event the parties offer additional arguments or new evidence at the sentencing hearing.

**OBJECTION NO. 1**: The defendant objects that the PSR at paragraph six fails to recognize that the defendant's alleged violations of pretrial release were never proved.

Ruling: The court overrules the objection, as the PSR accurately summarizes the pretrial records as only alleging the defendant to have violated the conditions of his release. The PSR does not state or suggest these allegations were ever subsequently proved in any proceeding. Before the magistrate judge decided whether the defendant had violated the conditions of his pretrial release as had been alleged, the court ordered the defendant detained as a result of his plea.

**OBJECTION NO. 2**: The defendant objects to paragraph fifteen because he told Trooper Taylor his travel plans had been to attend one funeral and not multiple funerals.

Ruling: Based on the evidence admitted at the pretrial motions hearing, the court found that the defendant "had advised Trooper Taylor that they had gone to Dallas, Galveston, Houston and Oklahoma City for

funerals." (Dk. 23, p. 13). Consequently, the court overrules the defendant's summary objection. Should the defendant come forward with evidence at the sentencing hearing, the court will reconsider its ruling.

**OBJECTION NO. 3**: The defendant objects to the two-level firearm enhancement denying its connection to his possession of controlled substances. The defendant asserts the firearm was for his personal protection having been the victim of a recent robbery and shooting. The defendant also denies selling drugs thus refuting the assumption of a firearm being needed for protection during drug trafficking activity.

Ruling: Section 2D1.1(b)(1) provides: "If a dangerous weapon was possessed (including a firearm), increase by 2 levels." The application notes explain that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n. 3). The government bears the initial burden of proving possession by a preponderance of the evidence. *United States v. Williams*, 431 F.3d 1234, 1237 (10th Cir. 2005), *cert. denied*, 547 U.S. 109 (2006). The government satisfies this burden by proving "a temporal and spatial relationship between the weapon, the drug trafficking activity, and the defendant." *Id*. (quotation and citation omitted).

It is enough to show that the weapon was found "where drugs or drug paraphernalia is stored." *United States v. Hall*, 473 F.3d 1295, 1312 (10th Cir. 2007). "Once the government satisfies this initial burden, the defendant may overcome it only if he establishes that it is clearly improbable the weapon was connected with the offense." *United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1185 (10th Cir. 2004) (quotation and citation omitted).

This nexus determination entails looking at where the gun was found and where the drugs were stored. *See, e.g.*, *United States v. Dickerson*, 195 F.3d 1183, 1188 (10th Cir. 1999); *United States v. Contreras*, 59 F.3d 1038, 1039-40 (10th Cir. 1995). The court believes the undisputed facts appearing in the PSR establish possession for purposes of § 2D1.1(b)(1). Officers found the firearm and the ecstasy in the same locked lower compartment of the truck's console. The defendant rented and occupied this truck. The key to the lower console compartment was on the same ring as the truck's ignition keys. The gun and the drugs were so located and secured that the defendant could not gain access to one without also gaining access to the other. The undisputed facts in the PSR establish a convincing and compelling nexus between the gun and the

drugs.

It is now the defendant's burden to show it is clearly improbable that the firearm is connected or related to this offense. The defendant avers that he possessed the gun because he had been the victim of random gunfire, a robbery, and a recent car-jacking at gunpoint. The defendant further avers the firearm was not involved with the drugs, because most of the drugs were for his personal use and he did not intend to sell any of the drugs. As disclosed in the factual basis set forth in the plea agreement, the defendant told arresting officers that he was taking the ecstasy pills to deal with his addiction to cocaine base and that he had purchased the large quantity of pills only for his personal use. The court, however, took the defendant's guilty plea to the offense of possessing the ecstasy with the intent to distribute it. The defendant now offers that most of the pills were for his personal use and the rest of pills would be distributed, but not sold. The court seriously questions the credibility of the defendant's evolving explanations for the drugs.

As far as the defendant's statement that he had the gun for self-defense reasons unrelated to the drugs,[1] the defendant has not shown

---

[1] In pointing to the recent crimes committed against him as the reason for having a gun to defend himself, the court is left to wonder about

that the circumstances of his possession here are connected with the prior threats to his personal safety and are disconnected with his effort to purchase the ecstasy. The defendant does not explain how he reasonably expected to face risks to his personal safety in a trip to Texas and Oklahoma that would be similar to the risks which he asserts justify carrying a weapon in the first place. He fails to show any rational connection between the crimes committed against him in Kansas and the non-drug related risks he faced on this out-of-state trip. The defendant's short-term vehicle lease indicates the defendant's taking of the gun on this brief trip was purposeful. The factual basis of the defendant's plea agreement also suggests the defendant had planned to purchase drugs while on this trip. The defendant stored the gun in a locked console which kept it from being immediately accessible in the event of a car-jacking or other similarly random and unexpected act of violence. Storing the loaded gun in the same locked compartment with the drugs suggests a connection between the defendant's anticipated need for a gun and the drugs. The court finds the defendant has not carried his burden of proving the clear

---

the defendant's conviction for possessing a weapon in 2006 during the commission of a felony (possession of cocaine base) and his arrest later in 2007 again for possessing a weapon during the commission of a felony (possession of cocaine base).

improbability of the firearm's connection to this offense.  The defendant's objection to the firearm enhancement is denied.

**DEFENDANT'S OBJECTION NO. 4**:  The defendant objects that his 2006 deferred judgment in Oklahoma for possession of cocaine base summarized at paragraph forty of the PSR is not a conviction under Oklahoma law and should not be scored in his criminal history calculations.

Ruling:  The defendant's arguments in support of this objection were rejected by this court in its prior memorandum and order of December 18, 2007.  (Dk. 23).  The defendant's objection does not address the district court's decision there to apply a provision from Oklahoma's Controlled Dangerous Substances Act stating that a plea of guilty or finding of guilt shall "constitute a conviction of the offense for the purpose of this act or any other criminal statute under which the existence of a prior conviction is relevant."  63 Okl. St. Ann. § 2-410.  Additionally, the defendant's objection fails to account for the plain language at U.S.S.G. § 4A1.2(f) providing that "[a] diversionary disposition resulting from a plea or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered . . . ."  The court overrules this objection.

**DEFENDANT'S OBJECTION NO. 5**:  This objection is moot, as the PSR has been amended to include the defendant's statement that was the subject of his objection.

IT IS THEREFORE ORDERED that the defendant's unresolved objections to the PSR are overruled.

Dated this 16th day of April, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge